Charles L. HANCOCK, Plaintiff–
Appellant,

v.

Allen L. WORD, Williams County
Sheriff's Department, State of Ohio's
Political Subdivision; Brian Ross,
Individually and as Deputy Sheriff,
Defendants–Appellees.

No. 01–3100.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and
FARRIS,* Circuit Judges.

Charles L. Hancock, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Hancock sued a county sheriff (Word) and his deputy (Ross) for violating his civil rights. Hancock asserted that: 1) Ross illegally arrested him pursuant to a blank warrant; 2) Ross used excessive force during the arrest; 3) medical personnel did not provide adequate care for his injuries and the sheriff's department interfered with treat-

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

ment; and 4) government officials conspired to deny him a junkyard license. The district court granted summary judgment to the defendants.

In his timely appeal, Hancock essentially reasserts his claims.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995).

■ We affirm the district court's judgment as to the first claim (false arrest) for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994). This claim is not cognizable because Hancock failed to show that the criminal proceedings against him have terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

■ Hancock's second claim (excessive force) lacks merit as he did not present significant probative evidence to support his claim and thereby rebut Ross's sworn statement that the arrest occurred without incident. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Had the arrest occurred as alleged by Hancock, Hancock likely would have required surgery and a lengthy hospital stay. Yet Hancock did not describe any medical treatment he received, nor did he proffer any medical records, photographs of his injuries, or affidavits by others confirming his version of events.

The third claim (inadequate medical care) fails because Hancock did not allege involvement by Word or Ross.

■ The fourth claim (the denial of the junkyard permit) is barred by the doctrine of issue preclusion. *See Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct.

970, 59 L.Ed.2d 210 (1979). Hancock has previously litigated this claim and may not relitigate it against different defendants or under a different legal theory. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.